Chief Justice Robertson
delivered the Opinion of the Court.'
This appeal brings up for revision, a decree rendered in 1837, in favor of the widow and children of William Bob, on a bill filed by them, in 1836, against John Bob, as executor of the said William, who died in February, 1814, and also against Charles Carr, and the administrator of V. Prewit, who were sureties of the executor.
The lapse of time presents the first objection to the decree. Though, in such a case, time cannot operate as a peremptory limitation, yet it may authorize presumptions fatal to a stale claim; and it might per se be entitled to such an effect in this case. But a decree had been obtained by the appellees against the executor, in 1817, on a bill filed in 1814; that decree had been reversed because the record showed that the bill had been dismissed without prejudice, and did not contain any evidence of the fact that the order of dismission had ever been set aside; in 1820, the executor removed to Missouri, and, as alleged and not denied, has ever since been insolvent, and beyond the limits of this State; and, until within a few years, the children of William Bob have been infants. As to those children, therefore, we should not feel authorized to presume that there is no available title to any relief; and we should also doubt whether such a presumption should be applied even to the widow.
The next objection to the decree is more formidable. So far as the sureties are concerned the Circuit Judge *418 erred in decreeing to the appellees twenty seven hundred dollars, for the value and hire of a slave, William, who had been sold by the executor. The will was nun-cupative. And, though the probateh,of it may be sufficient evidence of its proper execution and legal validity, yet, as it was insufficient to pass a slave, and as the sureties in the fiducial bond are bound to pay only such legacies as passed, or might pass, under the will, they cannot be liable for any alleged abuse of authority, or perversion of trust by the executor, in his sale of William, for the ostensible purpose of paying the testator’s debt, unless their bond makes them liable for distribution, as well as for payment of legacies. But the bond contains nothing which could make them responsible to distributees, unless the condition requiring a faithful and legal administration of assets should constructively bind them, not only for the benefit of creditors, but for that of distributees also. This Court, however, has, more than once, decided that such a condition does not extend to the distribution of residuary assets.
The record of a suit, to be evidence in a subse-■quentsuit in chy. must be made an exhibit , otherwise it cannot be looked into.
We are, therefore, of the opinion that the Circuit Judge erred in decreeing against the sureties, any thing on account of the slave William.
It is urged, however, that, conceding the error just suggested, nevertheless the decree is not, even as to the sureties, unjust or exorbitant; because, as argued, the Circuit Court omitted to decree against them, a still larger sum for which they are liable on account of funds which came to the executor’s hands, in addition to the appraised personal property, which alone was included in the decree.
But, as against the sureties, there is no proof that any thing not included in the appraisement bill ever came to the hands of their principal. The allegations of the bill, as to that matter, were denied by the answers, and there is no extrinsic evidence. The record of the former suit against the executor alone might perhaps have been evidence upon this point, against the sureties, so far as it might shew any admission by the executor. But that record has not been made an ex *419 hibit by the bill in this case, and cannot, therefore, be now looked into, for proof of the fact we are now considering.
A joint decree against an ex’or and his sureties,if erroneous, must be set aside entirely, tho’ the ex’or does not complain of it; and an error to his prejudice, is noticed, with a view to future proceedings,tho’ it is beneficial to them.
Defts., sued as sureties of an-executor, make their answer a cross bill, to subject his real estate to their indemnity: this was not in the nature of an amendm’t to the original bill, which he was bound to answer, & in which no such decree was asked ‘for ; and, as he was not made a party to the cross bill, a decree for the sale, as prayed, was erroneous.
The decree must, therefore, be reversed — even though it may hereafter he ascertained to be not for too much. And as it is a joint decree against the executor and his sureties, it must be set aside entirely, although the executor has not complained of it.
There is an error to his prejudice, of which his sureties could not complain, because it would operate advantageously to them; but which should, nevertheless, be noticed in this opinion, lest it might hereafter recur.
As he was no party to the cross bill, which prayed for the subjection of his house and lots in Lexington, for the benefit of his sureties, the decree for selling that property was unauthorized. The original bill sought no such decree; and the answer of the appellees to the cross bill, was, in no respect, of the nature of an amended bill, to which the executor would have been a party constructively. The decree for selling the property was, therefore,- erroneous; though it could not be reversed on that ground by the sureties.
Wherefore, for the error before noticed, as being prejudicial to the sureties, the decree must be reversed, and the cause remanded for further preparation and decree.